| | | |
|---|---|---|
| AMANDA DAYMAN | : | |
| | : | |
| NORELLE IYER, and | : | |
| | : | |
| RUDI MACK, | : | Civil Action No. 5:2—CV-00533 |
| | : | |
| Plaintiffs | : | |
| | : | Complaint – Fair Labor Standards Act Violation |
| -v- | : | and Conversion |
| | : | |
| FLOATING SHANTI, LLC, | : | |
| | : | |
| SHANTI WELLNESS, INC, and | : | |
| | : | |
| NICOLE WALCOTT | : | |
| | : | |
| Defendants | : | |

_____

**COMPLAINTS FOR VIOLATION OF FAIR LABOR STANDARDS BY EMPLOYEE MISCLASSIFICATION, AND CONVERSION OF INCOME**
_____

Plaintiffs Amanda Dayman, Norelle Iyer, and Rudi Mack, by and through their undersigned counsel, hereby raise the following complaints against Defendant Nicole Walcott, individually and in her official capacity as the Owner of the Floating Shanti, LLC; and Defendant Floating Shanti, LLC.

**INTRODUCTION**

1. This action is of substantial concern to the Plaintiffs as it affects their rights to property, specifically income earned as a result of employment, which Defendant has failed to pay.

2. In addition to nonpayment, Defendant Walcott also misclassified Plaintiffs as Independent Contractors, subsequently failing to pay FICA requirements beyond employee tax withholding.

3. Plaintiffs come before this Court, respectfully praying for the relief they need, to which they are entitled, and that only this Court can grant – compensatory damages for willfully and intentionally withholding money due

to Plaintiffs and punitive damages for the reckless and wanton misclassification of Plaintiffs as employees and nonpayment of employer responsible taxes under FICA.

## THE PARTIES

*Plaintiffs*

4. Plaintiff Dayman is a natural person, a citizen of the United States, and a resident of Cumberland County, North Carolina.

5. Plaintiff Iyer is a natural person, a citizen of the United States, and a resident of Harnett County, North Carolina.

6. Plaintiff Mack is a natural person, a citizen of the United States, and a resident of Cumberland County, North Carolina.

*Defendants*

7. Defendant Walcott is natural person, as defined by 42 U.S.C. § 1983, a citizen of the United States, and a resident of Fayetteville, Cumberland County, North Carolina. Defendant Walcott is the Chief Executive Officer of the Floating Shanti, LLC.

8. Defendant Floating Shanti, LLC is a for profit limited liability corporation registered with the Secretary of State in North Carolina, with a principal office located at 311 Hay Street, Fayetteville, North Carolina 28301. Defendant Floating Shanti, LLC was converted to Shanti Wellness, Inc in 2020.

9. Defendant Shanti Wellness, Inc. is a corporation registered with the Secretary of State in North Carolina, with a principal office located at 311 Hay Street, Fayetteville, North Carolina 28301.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331, as this action seeks to redress the deprivation under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of North Carolina and violations of the Fair Labor Standards Act. To the extent Plaintiffs' claims may allege or may be construed to allege state law claims, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

11. Venue lies in this Court under 28 U.S.C. § 1391, as the events giving rise to Plaintiffs' causes of action arose or exist in this district in which the action is brought.

## RELEVANT STATUTORY LAW

12. The Fair Labor Standards Act (FLSA) defines employees as "any individual[s] employed by an employer," where "employ" is defined as "to suffer or permit to work." 29 U.S.C. § 203(e)(1), (g).

13. The FLSA authorizes employees to seek damages from employers who withhold wages and tips in violation of the FLSA sections 6, 7, and 15. 29 U.S.C. § 216(b).

14. The Federal Insurance Contributions Act (FICA) requires employers to withhold certain taxes from employee wages while also requiring the employer to pay the *employer's portion* of two taxes: 6.2% for Social Security taxes and 1.45% for the Medicare tax. 26 U.S.C. § 3111.

15. North Carolina law authorizes an employer to withhold *only* deductions for income and other taxes which Federal and State law empower the employee to withhold. N.C.G.S. §95-25.8(a)(1).

16. North Carolina law only authorizes non-tax withholdings or deductions upon written authorization from the employee, or written notice to the employee for deductions related to: cash or inventory shortages; loss or damage to employer's property; or previous wage advances or overpayment. N.C.G.S. §95-25.8(a)(2)-(3), (c), and (d).

## STATEMENT OF FACTS

17. Plaintiff Mack was employed at the Floating Shanti, LLC on or about February 1, 2019, through on or about June 30, 2019.

18. Plaintiff Mack's work schedule was fifteen hours every weekend, with the exception of weekend of the Dogwood Festival.

19. Plaintiff Mack was hired at $7.25 an hour with a raise to $8.00 an hour scheduled to start on February 15th.

20. Plaintiff Iyer was employed at the Floating Shanti, LLC as the massage director from March 10, 2019 through on or about August 25, 2019. Plaintiff Iyer's employment was governed by an employment contract signed by both Nicole Walcott and Plaintiff Iyer.

21. The employment contract states that Plaintiff Iyer's employment was "at will" and prohibited Plaintiff Iyer from conducting any other consulting, employment, or business activity.

22. Plaintiff Iyer's duties included providing massage therapy services for customers; changeover/clean therapy rooms after each client; keep availability updated in Company database; supervise other massage therapists employed by Floating Shanti.

23. Plaintiff Iyer terminated her employment with the Floating Shanti, LLC on August 25, 2019. On or about August 30, 2019, Defendant Walcott sent Plaintiff Iyer an accounting of the moneys that was owed. This accounting stated that Plaintiff Iyer had rendered services that Plaintiff Iyer had not been paid for, totaling one thousand seven hundred and ninety-two dollars ($1,792.00).

24. Defendant Walcott withheld one thousand three hundred eighty-four dollars and eight cents ($1,384.80) and paid Plaintiff Iyer four hundred seven dollars and twenty cents ($407.20).

25. During the scope of Plaintiff Iyer's employment, the Floating Shanti, LLC never withheld state income, federal income, social security, or Medicare taxes.

26. During the scope of the Plaintiff Iyer's employment, the Floating Shanti, LLC never paid employer required social security or Medicare taxes.

27. During the scope of employment, Defendant Walcott directed Plaintiff Iyer to supervise the other massage therapists and rate their performance through varies means. Defendant Walcott linked the pay raises of the massage therapists, and bonuses paid to Plaintiff Iyer, to these performance ratings.

28. Plaintiff Iyer informed Defendant Walcott that it was her understanding that performance ratings were more consistent with an employee and employer relationship than that of an independent contractor.

29. Plaintiff Dayman was employed at the Floating Shanti, LLC as a massage therapist from March 7, 2019 through on or about August 19, 2019. Plaintiff Dayman's employment was governed by an employment contract signed by both Nicole Walcott and Plaintiff Dayman that required Plaintiff Dayman to report directly to Plaintiff Iyer.

30. The employment contract states that Plaintiff Dayman's employment was "at will" and prohibited Plaintiff Dayman from conducting any other consulting, employment, or business activity.

31. Plaintiff Dayman's duties included providing massage therapy services for customers; changeover/clean therapy rooms after each client; keep availability updated in Company database.

32. Plaintiff Dayman terminated her employment with the Floating Shanti, LLC on or about August 19, 2019. On August 26, 2019, Defendant Walcott sent an accounting of money owed to Plaintiff Dayman for services Plaintiff Dayman had rendered and not yet been paid for, totaling seven hundred and thirty-five dollars ($735.00). On September 3, 2019, Defendant Walcott withheld five hundred and thirty dollars ($530) and only rendered two hundred and five dollars ($205) to Plaintiff Dayman.

33. During the scope of Plaintiff Dayman's employment, the Floating Shanti, LLC never withheld state income, federal income, social security, or Medicare taxes.

34. During the scope of the Plaintiff Dayman's employment, the Floating Shanti, LLC never paid employer required social security or Medicare taxes.

35. Defendant Walcott required Plaintiff Dayman and Plaintiff Iyer to be in the business, even when no clients were scheduled. Defendant did not pay Plaintiff Dayman or Iyer for this time.

36. Plaintiff Dayman and Plaintiff Iyer would block off time when they were not available or wished not to see clients. Defendant Walcott would go into the scheduling system, remove the time blocks, and schedule client appointments, or require other employees of The Floating Shanti, LLC to make those changes at Defendant Walcott's direction.

37. Defendant Walcott further controlled the scope and manner of work by requiring Plaintiffs Iyer and Dayman to perform add-on services that plaintiffs stated they did not do such as: hot stone massage and cupping.

38. Defendant the Floating Shanti, LLC represented Plaintiffs Iyer and Dayman as employees of the business by requiring them to wear nametags that contained the Plaintiff's name as well as the business's (Floating Shanti, LLC) name.

39. Defendant the Floating Shanti, LLC represented Plaintiffs Iyer and Dayman as employees of the business by requiring them to wear 'Floating Shanti' polo shirts along with the above-mentioned nametags at public functions such as the Dogwood Festival.

## FIRST CLAIM FOR RELIEF
## IMPROPER CLASSIFICATION AS A CONTRACTOR
## FAIR LABOR STANDARDS ACT

40. Plaintiffs hereby incorporate by reference the allegations set forth above as though fully set forth herein.

41. The FLSA was enacted "to correct and as rapidly as practicable to eliminate" several conditions including "labor disputes" by requiring certain actions by employers. 29 U.S.C. § 202. Whether a worker is an employee under the FLSA is determined by examining the "'economic realities' of the relationship between the worker and the putative employer" to determine whether the worker is "economically dependent on the business … or is, as a matter of economic [reality], in business for himself." *Schultz v. Capital Int'l Sec., Inc.*, 466 F.2d 298 at 304 (U.S. Ct. App. 4th Cir. 2006). The "economic reality" is determined by six factors:

(1) The degree of control that the putative employee has over the manner in which work is performed;

(2) The worker's opportunities for profit or loss dependent on his managerial skill;

(3) The worker's investment in equipment or material, or his employment of other workers;

(4) The degree of skill required for the work;

(5) The permanence of the working relationship; and

(6) The degree to which the services rendered are an integral part of the putative employer's business.

*Id*. at 304-305.

42. Defendant Walcott set up an established rating system and required Plaintiff Dayman to report to Plaintiff Iyer. Defendant Walcott also required Plaintiff Iyer to evaluate Plaintiff Dayman's, and other employees of The Floating Shanti, LLC, performance. This evaluation was used to determine the employee's pay raises or grounds for termination.

43. Defendant Walcott required Plaintiff Dayman and Plaintiff Iyer to be in the business, even when no clients were scheduled. Defendant did not pay Plaintiff Dayman or Iyer for this time.

44. Plaintiff Dayman and Plaintiff Iyer would block off time when they were not available or wished not to see clients. Defendant Walcott would go into the scheduling system, remove the time blocks, and schedule client appointments, or require other employees of The Floating Shanti, LLC to make those changes at Defendant Walcott's direction.

45. Defendant Walcott further controlled the scope and manner of work by requiring Plaintiffs Iyer and Dayman to perform add-on services that plaintiffs stated they did not do such as: hot stone massage, cupping, and reflexology.

46. Defendant the Floating Shanti, LLC represented Plaintiffs Iyer and Dayman as employees of the business by requiring them to wear nametags that contained the Plaintiff's name as well as the business's (Floating Shanti, LLC) name.

47. Defendant the Floating Shanti, LLC represented Plaintiffs Iyer and Dayman as employees of the business by requiring them to wear 'Floating Shanti' polo shirts along with the above-mentioned nametags at public functions such as the Dogwood Festival.

48. Plaintiffs Iyer and Dayman thus seek a declaratory judgement that Defendants improperly classified them as independent contractors while treating them as employees.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF STATUTORY ENTITLEMENTS**

## FEDERAL INSURANCE CONTRIBUTIONS ACT

49. Plaintiffs hereby incorporate by reference the allegations set forth above as though fully set forth herein.

50. FICA requires employers, in addition to withholding taxes from employee wages, to pay the *employer's portion* of two taxes: 6.2% for Social Security taxes and 1.45% for the Medicare tax. 26 U.S.C. § 3111.

51. During the scope of Plaintiff Iyer's employment, the Floating Shanti, LLC never withheld state income, federal income, social security, or Medicare taxes.

52. During the scope of the Plaintiff Iyer's employment, the Floating Shanti, LLC never paid employer required social security or Medicare taxes.

53. During the scope of Plaintiff Iyer's employment, the Floating Shanti, LLC should have paid two-thousand two-hundred fifty dollars ($2,250.00) in employer-required taxes, which Plaintiff Iyer paid.

54. During the scope of Plaintiff Dayman's employment, the Floating Shanti, LLC never withheld state income, federal income, social security, or Medicare taxes.

55. During the scope of Plaintiff Dayman's employment, the Floating Shanti, LLC never paid employer required social security or Medicare taxes.

56. During the scope of Plaintiff Dayman's employment, the Floating Shanti, LLC should have paid one-thousand eight-hundred seventy-five dollars ($1,875.00) in employer-required taxes, which Plaintiff Dayman paid.

57. Plaintiffs Dayman and Iyer seek an order for reimbursement of employer required taxes.

## THIRD CLAIM FOR RELIEF
## CONVERSION
## FAIR LABOR STANDARDS ACT AND N.C.G.S. § 95-25.8

58. Plaintiffs hereby incorporate by reference the allegations set forth above as though fully set forth herein.

59. The FLSA requires employers to pay a minimum wage to all employees for hours worked and does not allow employers to withhold payment of wages rightly earned. 29 U.S.C. § 206. North Carolina Law only authorizes employers to deduct or withhold wages with "written authorization from the employee" that is (i) "signed on or before the payday(s) for the pay period(s) from which the deduction is to be made" and which "(ii) indicates the reason for the deduction" and notice of the specific amount or percentage to be deducted before the deduction is made, unless "[the employer is required or empowered to do so by State or federal law." N.C.G.S. § 95-25.8(a)(1)-(3).

60. Plaintiff Dayman, as a result of her work under the pay scheme in her employment agreement with Defendant Floating Shanti, LLC, has a right to possess personal property at issue, specifically five-hundred thirty dollars ($530.00).

61. Defendant Walcott intentionally interfered with Plaintiff Dayman's personal property by exercising dominion and control of the property.

62. Defendant Walcott's interference deprived Plaintiff Dayman of the possession or use of said property ($530.00).

63. Defendant Walcott's interference caused damages to Plaintiff Dayman in the form of lost wages.

64. Plaintiff Iyer, as a result of her work under the pay scheme in her employment agreement with Defendant Floating Shanti, LLC, has a right to possess personal property at issue, specifically one thousand three-hundred eighty-four dollars and eighty cents ($1,384.80).

65. Defendant Walcott intentionally interfered with Plaintiff Iyer's personal property by exercising dominion and control of the property.

66. Defendant Walcott's interference deprived Plaintiff Iyer of the possession or use of said property ($1,384.80).

67. Defendant Walcott's interference caused damages to Plaintiff Iyer in the form of lost wages.

68. Plaintiff Mack, as a result of her work under the pay scheme in her employment agreement with Defendant Floating Shanti, LLC, has a right to possess personal property at issue, specifically four-hundred seventy-eight dollars and seventy-five cent ($478.75).

69. Defendant Walcott intentionally interfered with Plaintiff Mack's personal property by exercising dominion and control of the property.

70. Defendant Walcott's interference deprived Plaintiff Mack of the possession or use of said property ($478.75).

71. Defendant Walcott's interference caused damages to Plaintiff Mack in the form of lost wages.

72. Plaintiffs therefore seek an order requiring Defendants to pay Plaintiffs the wages they are rightfully owed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

(a) A declaratory judgement that Defendants improperly classified Plaintiffs Dayman and Iyer as "Independent Contractors";

(b) Find the Defendants be jointly and severely liable for all damages;

(c) Order Reimbursement for employer-responsible taxes paid by plaintiffs;

(d) Find that Employer willfully and intentionally withheld wages and other pay with no standing to do so;

(e) Order Defendants' payment of above converted funds;

(f) Order Defendants' payment of punitive damages in an amount adequate to dissuade future similar acts;

(g) Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable law; and

(h) Any other remedies Plaintiffs may be entitled to under applicable law.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

Dated this 6th of July, 2020.

/s/ Jeffrey L. Dobson

Jeffrey Dobson
North Carolina State Bar # 54808
Dobson Law Firm, PLLC
119 SW Maynard Road, STE 180
Cary, NC 27511
Tel. #:  919-591-2240
Email:  jdobson@dobsonlawnc.com